# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | |
|---|---|
| DANESSA L. ERICKSON,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>Defendant. | No. C07-3024-MWB<br><br>**ORDER REGARDING<br>MAGISTRATE JUDGE'S REPORT<br>AND RECOMMENDATION** |

_____

## *I. INTRODUCTION*

Plaintiff Danessa Erickson filed an application for supplemental security income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. § 401 *et seq.*, on May 23, 2002. The Commissioner ultimately denied her application on January 10, 2007, after a second Administrative Law Judge (ALJ) had reviewed Erickson's case and determined she was not disabled. Erickson appealed the Commissioner's decision to this court, Dkt. # 3, and the undersigned referred the matter to Chief Magistrate Judge Paul A. Zoss for a report and recommendation. Both parties filed briefs supporting their positions, Dkt. #s 9 & 14, and the Commissioner also filed a motion for remand, arguing the case should be remanded because a page from the ALJ's decision is missing from the record, and because the record is otherwise inadequate to assess Erickson's possible disability. Dkt. # 15. Judge Zoss respectfully recommended that the Commissioner's motion for remand be denied because the missing page is not critical to the plenary review of Erickson's case, and because the record contains ample evidence of her disability. Dkt. # 18. Finally,

Judge Zoss recommended the Commissioner's decision be reversed and the case be remanded for the calculation and immediate award of benefits. Dkt. # 18. Neither party filed objections to Judge Zoss's report and recommendation.

## *II. ANALYSIS*

The court reviews the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* Fed. R. Civ. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court *may* review de novo any issue in a magistrate judge's report and recommendation at any time. *Id.* If a party files an objection to the magistrate judge's report and recommendation, however, the district

court *must* "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

In this case, no objections have been filed. As a result, the court reviews the magistrate judge's report and recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). After conducting its review, the court is not "'left with [a] definite and firm conviction that a mistake has been committed,'" and finds no reason to reject the magistrate judge's recommendation. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The court agrees with Judge Zoss that the missing page from the record and the record itself does not justify granting the Commissioner's motion for remand. Judge Zoss dutifully recounted the procedural and factual history of the case, which clearly shows that Erickson's primary treating physician, Dr. Radia, diagnosed Erickson with fibromyalgia. After evaluating the record as a whole, *see Bentley v. Shalala*, 52 F.3d 784, 785-86 (8th Cir. 1995) (cautioning that a treating physician's opinions "do not automatically control, since the record must be evaluated as a whole"), Dr. Radia's opinion should have been given greater weight, *see Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)

(evaluating whether the ALJ properly weighed the opinions of the claimant's primary care physician). Dr. Radia's opinion does not support the hypothetical questions the ALJ relied on, and, thus, substantial evidence fails to support the Commissioner's decision. *See Cox v. Astrue*, 495 F.3d 614, 620 (8th Cir. 2007) ("Testimony from a vocational expert is substantial evidence only when the testimony is based on a correctly phrased hypothetical question that captures the concrete consequences of a claimant's deficiencies."). Moreover, when the vocational expert (VE) was presented with a set of limitations consistent with Dr. Radia's diagnosis, the VE indicated Erickson would not be able to work. Thus, the court finds overwhelming evidence to support the immediate award of benefits. *See Buckner v. Apfel*, 213 F.3d 1006, 1011 (8th Cir. 2000) ("[W]e may enter an immediate finding of disability only if the record 'overwhelmingly supports' such a finding.").[1] Therefore, the court **accepts** Judge Zoss's un-objected to report and recommendation. The Commissioner's motion for remand is **denied**, Dkt. # 15, and the Commissioner's decision is **reversed** and **remanded** for the immediate calculation and award of benefits under sentence four of 42 U.S.C. § 405(g).

---

[1] Judge Zoss did not specifically state that substantial evidence failed to support the Commissioner's decision, or that the record contained overwhelming support for an immediate award of benefits. This court has recognized that the court must make two distinct findings when reversing and remanding a case for an immediate award of benefits: 1) a finding that substantial evidence fails to support the Commissioner's denial of benefits, and 2) a finding that overwhelming support exists in the record to immediately award benefits on appeal. *Bowers v. Astrue*, No. C 06-3089-MWB, 2008 WL 216607, at *4-8 (N.D. Iowa Jan. 24, 2008); *see Buckner*, 213 F.3d at 1011. While Judge Zoss's recommendation did not follow this procedure in this case, his report and recommendation clearly reveals a record that supports both elements above. Therefore, even if Judge Zoss's analysis reveals clear error, his ultimate recommendation does not.

**IT IS SO ORDERED.**

**DATED** this 29th day of August, 2008.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA